**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BABI RADOUANE, on behalf of himself and all others similarly situated, | Civil Case Number: _____ |
| Plaintiff(s), | **CIVIL ACTION** |
| -against- | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| MORGAN & MICHAELS, LLC, | |
| Defendant(s). | |

**LOCAL CIVIL RULE 10.1 STATEMENT**

1.      The mailing addresses of the parties to this action are:

BABI RADOUANE
34 Abingdon Avenue
Medford, New Jersey 08005

MORGAN & MICHAELS, LLC
11231 US HWY # 1 Suite 256
North Palm Beach, FL 33408

**PRELIMINARY STATEMENT**

2.      Plaintiff on behalf of himself and all others similarly situated ("Plaintiff"), by and through her attorneys, alleges that Defendants, MORGAN & MICHAELS, LLC ("Morgan & Michaels") and JOHN DOES 1-25 their employees, agents and successors (collectively "Defendants") violated 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**JURISDICTION AND VENUE**

3.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.  This is an action for violations of 15 U.S.C. § 1692 *et seq.*

4.      Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

**DEFINITIONS**

5.      As used in this complaint, the terms "creditor," "consumer," "debt" and "debt collector" are defined at 15 U.S.C. § 1692a.

**PARTIES**

6.      Plaintiff is a natural person, a resident of Burlington County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7.      MORGAN & MICHAELS is a foreign limited liability company which maintains a location at 11231 US HWY # 1 Suite 256, North Palm Beach, FL 33408.

8.      MORGAN & MICHAELS uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

9.      MORGAN & MICHAELS is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6), and it uses litigation and non-litigation methods in its attempts to collect debts.

10.      John Does 1-25, are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"); Rule 15, Rule 20 and Rule 21. Plaintiff's claims

against the currently unknown Defendants arise out of the same transaction, occurrence or series

of transactions arising from known Defendant's actions and are due to common questions of law

and fact whose joinder will promote litigation and judicial efficiency.

## CLASS ACTION ALLEGATIONS

11.     Plaintiff brings this action as a state-wide class action, pursuant to Rule 23 of the

FRCP, on behalf of himself and all New Jersey consumers and their successors in interest (the

"Class"), who Defendants collected or attempted to collect a debt from, in violation of the FDCPA,

as described in this Complaint.

12.     This Action is properly maintained as a class action. The Class is initially defined

as:

> All New Jersey consumers who were sent letters and/or notices from
> MORGAN & MICHAELS attempting to collect a debt (See Exhibit
> A), which included the alleged conduct and practices described
> herein.
>
> The Class period begins one year to the filing of this Action.
>
> The Class definition may be subsequently modified or refined.

13.     The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a

class action:

   a. Numerosity: The Class is so numerous that joinder of all members is

      impracticable because there are hundreds and/or thousands of persons in

      New Jersey who Defendant(s) collected or attempted to collect a debt from,

      which violates specific provisions of the FDCPA.

   b. Commonality: There are questions of law and fact common to the class

      members which predominate over questions affecting any individual Class

member.   These common questions of law and fact include, without limitation:

i.      Whether the Defendants violated various provisions of the FDCPA as set forth herein:

ii.     Whether Plaintiff and the Class have been injured by the Defendants' conduct;

iii.    Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

iv.     Whether Plaintiff and the Class are entitled to declaratory relief.

c.   Typicality: Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

d.   Adequacy of Representation: Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

14.     A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this class action.

15.     A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the

adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as damages.

16.    Defendant(s) have acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

## **STATEMENT OF FACTS**

17.    Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

18.    At some time prior to May 21, 2025, Plaintiff allegedly incurred a financial obligation to Big Apple Mold Removal ("Big Apple").

19.    The Big Apple obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

20.    Plaintiff incurred the Big Apple obligation by obtaining goods and services which were primarily for personal, family and household purposes.

21.    The Big Apple obligation did not arise out of a transaction that was for non-personal use.

22.    The Big Apple obligation did not arise out of a transaction that was for business use.

23.    Plaintiff incurred the Big Apple obligation in connection with Plaintiff's residential home.

24.    The Big Apple obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

25.    Big Apple is a "creditor" as defined by 15 U.S.C. § 1692a(4).

26. On or before May 21, 2025, the Big Apple obligation was referred to MORGAN & MICHAELS for the purpose of collections.

27. At the time the Big Apple obligation referred to MORGAN & MICHAEL for the purpose of collection, the obligation was in default.

28. The principal purpose of MORGAN & MICHAELS is the collection of debts which are in default.

29. MORGAN and MICHAELS regularly collects or attempts to collect debts which are in default.

30. On or about March 21, 2025, MORGAN and MICHAELS left a telephone voicemail/notice for Plaintiff concerning the Big Apple Mold obligation.

31. The March 21, 2025 voicemail/notice indicated that MORGAN and MICHAELS had filed a civil lawsuit against Plaintiff concerning the Big Apple Mold obligation in Burlington County, New Jersey with a Court appearance on June 3, 2025.

32. The March 21, 2025 voicemail/notice indicated that MORGAN and MICHAELS would also file criminal charges for grand theft.

33. The March 21, 2025 voicemail/notice from MORGAN and MICHAELS failed to contain the proper notice pursuant to 15 U.S.C. 1692e(11).

34. The May 21, 2025 voicemail/notice was sent to Plaintiff in connection with the collection of the Big Apple obligation.

35. The May 21, 2025 voicemail/notice is a "communication" as defined by 15 U.S.C. § 1692a(2).

36. Upon receipt, Plaintiff listened to the statements and representations in the May 21, 2025 voicemail/notice.

37. On or about March 27, 2025, MORGAN and MICHAELS left a telephone voicemail/notice for Plaintiff concerning the Big Apple Mold obligation.

38. The March 27, 2025 voicemail/notice indicated that MORGAN and MICHAELS had filed a civil lawsuit against Plaintiff concerning the Big Apple Mold obligation in Burlington County, New Jersey with a Court appearance on June 3, 2025.

39. The March 27, 2025 voicemail/notice indicated that MORGAN and MICHAELS would also file criminal charges for grand theft.

40. The March 27, 2025 voicemail/notice from MORGAN and MICHAELS failed to contain the proper notice pursuant to 15 U.S.C. 1692e(11).

41. The May 27, 2025 voicemail/notice was sent to Plaintiff in connection with the collection of the Big Apple obligation.

42. The May 27, 2025 voicemail/notice is a "communication" as defined by 15 U.S.C. § 1692a(2).

43. Upon receipt, Plaintiff listened to the statements and representations in the May 27, 2025 voicemail/notice.

44. On or about May 28, 2025 MORGAN & MICHAELS sent a letter/notice to Plaintiff concerning the Big Apple obligation. A true and correct copy is annexed as **Ex. A**.

45. The May 28, 2025 letter stated the following, in relevant part:

> "Please be advised we have been retained by Big Apple Mold Removal, to represent them in the aforementioned claim. To date, payment in full has not been made, nor has a valid reason for your delinquency been received. Demand is hereby made upon you for payment in full of Eight Thousand Seven Hundred Ten Dollars and 00 Cents. Forward your check made payable to Morgan & Michaels, LLC to the undersigned for receipt on or before June 4, 2025.
>
> Should your check not be forthcoming as stipulated, we shall pursue all legal remedies available, including filing suit in your local

County Court. Should this be required, be advised it shall be filed for principal, interest, court costs and attorney fees. Please be advised that all judgments shall be vigorously enforced. Furthermore, your delinquency shall immediately be reported to all national credit bureaus as a Bad Debt.

Should you have any questions please contact the undersigned immediately. We shall withhold further actions until June 4, 2025.

Govern yourself accordingly."

46. The May 28, 2025 letter/notice was sent to Plaintiff in connection with the collection of the Big Apple obligation.

47. The May 28, 2025 letter/notice is a "communication" as defined by 15 U.S.C. § 1692a(2).

48. Upon receipt, Plaintiff read and relied on the statements and representations in the May 28, 2025 letter/notice.

49. On or about June 3, 2025, MORGAN and MICHAELS contacted Plaintiff by telephone concerning the Big Apple Mold obligation.

50. The June 3, 2025 telephone call indicated that MORGAN and MICHAELS had filed a civil lawsuit against Plaintiff concerning the Big Apple Mold obligation in Burlington County, New Jersey.

51. The June 3, 2025 telephone call indicated that MORGAN and MICHAELS would also file criminal charges for grand theft.

52. The June 3, 2025 telephone call from MORGAN and MICHAELS failed to contain the proper notice pursuant to 15 U.S.C. 1692e(11).

53. The June 3, 2025 telephone call was sent to Plaintiff in connection with the collection of the Big Apple obligation.

54. The June 3, 2025 voicemail/notice is a "communication" as defined by 15 U.S.C. § 1692a(2).

55. MORGAN & MICHAELS is not a law firm.

56. No owner, partner, member or employee of MORGAN & MICHAELS is licensed to practice law in the State of New Jersey.

57. As of May 21, 2025, Big Apple did not authorize MORGAN & MICHAELS to commence a lawsuit against Plaintiff.

58. No agreement exists between Big Apple and MORGAN & MICHAELS to commence a lawsuit against Plaintiff.

59. No agreement exists between Big Apple and MORGAN & MICHAELS to collect "interest" from Plaintiff.

60. No agreement exists between Big Apple and MORGAN & MICHAELS to collect "court costs" from Plaintiff.

61. No agreement exists between Big Apple and MORGAN & MICHAELS to collect "attorney fees" from Plaintiff.

62. Given that MORGAN & MICHAELS is not a law firm, MORGAN & MICHAELS, did not have authority to commence a lawsuit against Plaintiff.

63. Given that MORGAN & MICHAELS is not a law firm, MORGAN & MICHAELS, did not have authority to collect "court costs" from Plaintiff.

64. Given that MORGAN & MICHAELS is not a law firm, MORGAN & MICHAELS, did not have authority to collect "attorney fees" from Plaintiff.

65. Since May 21, 2025, MORGAN & MICHAELS has never filed lawsuit against Plaintiff.

66.    "We shall withhold further actions until June 4, 2025" in the May 27, 2025 letter/notice was false, misleading, and deceptive given that the May 21, 2025 voicemail/notice stated that MORGAN and MICHAELS had already filed a civil lawsuit against Plaintiff concerning the Big Apple Mold obligation in Burlington County, New Jersey with a Court appearance on June 3, 2025.

67.    "We shall withhold further actions until June 4, 2025" in the May 27, 2025 letter/notice was false, misleading, and deceptive given that the May 27, 2025 voicemail/notice stated that MORGAN and MICHAELS had already filed a civil lawsuit against Plaintiff concerning the Big Apple Mold obligation in Burlington County, New Jersey with a Court appearance on June 3, 2025.

68.    As described herein, Defendants engaged in fraudulent misrepresentation in connection with their attempts to collect the Big Apple Mold obligation.

69.    In essence, the Defendants attempted to make Plaintiff believe that the attempts to collect the Big Apple Mold obligation were valid in order to trick Plaintiff into paying it.

70.    The May 27, 2025 voicemail frustrated Plaintiff's ability to intelligently choose a response.

71.    The May 28, 2025 letter/notice frustrated Plaintiff's ability to intelligently choose a response.

72.    The June 3, 2025 telephone call frustrated Plaintiff's ability to intelligently choose a response.

73.    The May 27, 2025 voicemail caused Plaintiff emotional damages due to fear that there was a civil lawsuit in Burlington County, New Jersey filed against him.

74.     The May 27, 2025 voicemail caused Plaintiff emotional damages due to fear that there was a criminal lawsuit that would be filed against him, or that he could be subject to arrest.

75.     The May 28, 2025 letter/notice caused Plaintiff emotional damages due to fear that a "suit" would be filed against him in his "local County Court".

76.     The May 28, 2025 letter/notice caused Plaintiff emotional damages due to fear that a "suit" would be filed against him in his "local County Court" that included "interest".

77.     The May 28, 2025 letter/notice caused Plaintiff emotional damages due to fear that a "suit" would be filed against him in his "local County Court" that included "court costs".

78.     The May 28, 2025 letter/notice caused Plaintiff emotional damages due to fear that a "suit" would be filed against him in his "local County Court" that included "attorney fees".

79.     The June 3, 2025 telephone call caused Plaintiff emotional damages due to fear that there was a civil lawsuit in Burlington County, New Jersey filed against him.

80.     The June 3, 2025 telephone call caused Plaintiff emotional damages due to fear that there was a criminal lawsuit that would be filed against him, or that he could be subject to arrest.

81.     The stated purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

82.     As described herein, Defendant engaged in abusive debt collection practices against the Plaintiff which deprived Plaintiff of the right to enjoy the benefits provided by the FDCPA.

83.     Defendants knew or should have known that its actions violated the FDCPA.

84.     Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA but neglected to do so and failed to adequately review their actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

85.     It is Defendants' policy and practice to collect or attempt to collect debts, which violate the FDCPA, by *inter alia*:

> (a)     Using false, deceptive or misleading representations or means in connection with the collection of a debt; and
>
> (b)     Making a false representation of the character, amount or legal status of the debt;
>
> (c)     Threatening to take any action that cannot legally be taken;
>
> (d)     Using unfair or unconscionable means to collect or attempt to collect any debt;
>
> (e)     Failing to contain the proper notices pursuant to Section 1692g.

86.     Defendants have made collection attempts against at least 50 natural persons in the State of New Jersey within one year of this Complaint.

## COUNT I
### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*.  VIOLATIONS

87.     Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

88.     Collection communications, such as those of Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

89.     Defendants' communications would cause the least sophisticated consumer to be confused about his rights.

90.     Defendants' communications would cause the least sophisticated consumer to believe that Defendants had the legal ability commence a civil lawsuit to attempt to collect the debt.

91.     Defendants' communications would cause the least sophisticated consumer to believe that Defendants had the legal ability commence a criminal lawsuit to attempt to collect the debt

92.     Defendants violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with their attempts to collect debts from Plaintiff and others similarly situated.

93.     Defendants violated 15 U.S.C. § 1692e of the FDCPA in connection with their communications to Plaintiff and others similarly situated.

94.     Defendants violated 15 U.S.C. § 1692e of the FDCPA by falsely implying that they had the right or legal authority to commence a civil lawsuit to attempt to collect the debt from Plaintiff and others similarly situated.

95.     Defendants violated 15 U.S.C. § 1692e of the FDCPA by falsely implying that they had the right or legal authority to commence a criminal lawsuit to attempt to collect the debt from Plaintiff and others similarly situated.

96.     Defendants violated 15 U.S.C. § 1692e of the FDCPA by falsely implying that they had the right or legal authority to collect "interest" from Plaintiff and others similarly situated.

97.     Defendants violated 15 U.S.C. § 1692e of the FDCPA by falsely implying that they had the right or legal authority to collect "court costs" from Plaintiff and others similarly situated.

98.     Defendants violated 15 U.S.C. § 1692e of the FDCPA by falsely implying that they had the right or legal authority to collect "attorney fees" from Plaintiff and others similarly situated.

99.    Defendants' false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

100.    15 U.S.C. § 1692e(2)(A) of the FDCPA prohibits a debt collector from making a false representation of the character, amount or legal status of a debt.

101.    Defendants violated 15 U.S.C. § 1692e(2)(A) by making false representations of the character, amount or legal status of a debt.

102.    15 U.S.C. § 1692e(5) of the FDCPA prohibits a debt collector from threatening to take any action that cannot legally be taken or that is not intended to be taken.

103.    As described herein, Defendants violated 15 U.S.C. § 1692e(5).

104.    15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

105.    As described herein, Defendants violated 15 U.S.C. § 1692e(10).

106.    15 U.S.C. § 1692f *et seq.* of the FDCPA prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt.

107.    Defendants violated 15 U.S.C. § 1692f *et seq.* of the FDCPA by attempting to collect "interest", "court costs" or "attorney fees" which it is not authorized or permitted by law, or agreement, to charge or collect.

108.    15 U.S.C. § 1692g *et seq.* of the FDCPA states the following: "Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

\*\*\*

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

109.    Defendants failed to comply with Section 1692g(a)(3) of the FDCPA.

110.    Defendants failed to comply with Section 1692g(a)(4) of the FDCPA.

111.    Defendants failed to comply with Section 1692g(a)(5) of the FDCPA.

112.    Defendants should be disgorged of all money collected from members of the class during the relevant period as ill-gotten gains.

113.    Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

114.    Plaintiff and others similarly situated have a right to be free from abusive debt collection practices by debt collectors.

115.    Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

116.    Plaintiff and others similarly situated were sent communications, which could have affected their decision-making with regard to the debt.

117.    Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

118.    Plaintiff has suffered damages and other harm as a direct result of Defendants actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)    Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and her attorneys as Class Counsel;

(b)    Awarding Plaintiff and the Class statutory damages;

(c)    Awarding Plaintiff and the Class actual damages, including but not limited to a disgorgement of all money collected during the relevant period;

(d)    Awarding pre-judgment interest;

(e)    Awarding post-judgment interest.

(f)    Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g)    Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## CERTIFICATION  PURSUANT TO LOCAL RULE 11.2

I, hereby certify that the matter in controversy is not the subject matter of any other court, arbitration or administrative proceeding.

Dated: May 26, 2026

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.
jjones@whitefordlaw.com
Benjamin J. Wolf, Esq.
bwolf@whitefordlaw.com
WHITEFORD TAYLOR & PRESTON, LLP
375 Passaic Avenue, Suite 100
Fairfield, New Jersey 07004
(973) 227-5900 telephone
(973) 244-0019 facsimile
*Attorneys for Plaintiff*